UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANDREA KOPKAS, | ) | CASE NO. 5:12-cv-00070 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| PATRICK R. DONAHOE | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

This matter is before the Court on defendant's motion to dismiss. (Doc. No. 11). Plaintiff has opposed the motion and filed a cross-motion for leave to perfect service (Doc. No. 12), to which defendant objected (Doc. No. 13.) The matter is ripe for determination. For the following reasons, defendant's motion is **GRANTED** and plaintiff's motion is **DENIED AS MOOT**.

On January 11, 2012, plaintiff Andrea Kopkas ("plaintiff") filed a complaint in this Court against defendant Patrick R. Donahoe ("defendant"), the Postmaster General of the United States. (Doc. No. 1.) In the complaint, it is alleged that plaintiff was discriminated against on the basis of disability by her former employer, the United States Postal Service (the "USPS"). Five months passed without proof of service, at which point the Court issued an order (Doc. No. 4.) directing plaintiff to show cause as to why the matter should not be dismissed for want of prosecution pursuant to Federal

Rule of Civil Procedure 4(m).[1] Counsel had failed to file proof that service was executed upon defendant, and did not request that defendant waive service. (Docs. No. 5, 6.) The Court gave leave to perfect service until July 16, 2012, and plaintiff's counsel served the United States Attorney for the Northern District of Ohio on July 12, 2012. (Docs. 7–10.)

On September 10, 2012, defendant moved to dismiss for lack of personal jurisdiction, insufficient service of process, and want of prosecution (Doc. No. 11), asserting that plaintiff had still not perfected service, per Rule 4(i), for two reasons. First, defendant argued that the USPS was not properly served under 39 C.F.R. § 2.2, which designates the General Counsel of the USPS as agent for service of process. Plaintiff's counsel served a USPS branch in Philadelphia, while the General Counsel is in Washington, D.C. Second, defendant claimed that the Attorney General of the United States had not been served, as required by Rule 4(i)(1)(B).

Plaintiff's counsel opposed defendant's motion to dismiss and moved for leave to perfect service (Doc. No. 12), stating that it was the first time he had filed a case against the United States. (Doc. No. 12 at 48.) He concedes both of defendant's

---

[1] Rule 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

arguments. With respect to serving the U.S. Attorney General, plaintiff's counsel claims to have inadvertently misread Rule 4(i)(1) as disjunctive, rather than subjunctive.[2] In other words, he thought the "or" that allowed a choice between (i) and (ii) within Rule 4(i)(1)(A) was actually allowing a choice between Rule (4)(i)(1)(A), (B), or (C). Thus, he did not fulfill (B)'s requirements of serving the U.S. Attorney General. Counsel claims that prejudice to his client resulting from her inability to pursue her claims "outweighs a strict application of the rules in this instance."

Plaintiff has not shown good cause for failing to meet the time limit in Rule 4(m). The standard for showing good cause is "excusable neglect," and Sixth Circuit law states that "simple inadvertence of mistake of counsel or ignorance of the rules usually does not suffice." *Moncrief v. Stone*, 961 F.2d 595, 597 (6th Cir. 1992). Here, counsel has confessed to repeated mistakes and ignorance of the rules.

---

[2] Rule 4(i) is entitled, "Serving the United States and Its Agencies, Corporations, Officers, or Employees." It reads:

> (1) *United States.* To serve the United States, a party must:
>   (A)
>       (i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an   assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
>       (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>   (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>   (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the   agency or officer.
> (2) *Agency; Corporation; Officer or Employee Sued in an Official Capacity.* To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

Because plaintiff has not shown good cause for failing to abide by Rule 4(m), defendant's motion to dismiss (Doc. No. 11) is **GRANTED**, and this case is **DISMISSED WITHOUT PREJUDICE**. Accordingly, plaintiff's cross-motion to perfect service (Doc. No. 12) is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

Dated: September 23, 2013

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

4